UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DAVID GONZALEZ-SEGURA, (A-098-682-343),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, et al,<br><br>Respondents. | No. 1:26-cv-6405 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background[1]

Petitioner is a native and citizen of Honduras, who is subject to a final order of removal dated May 6, 2021. ECF No. 1 at 5, 8-9. On May 3, 2022, an immigration judge granted petitioner withholding of removal under the Convention Against Torture. ECF No. 1 at 9; ECF No. 9-2.

[1] The facts contained in the petition are deemed admitted and will be relied upon unless denied in the response or the record reflects contrary facts. Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

On October 23, 2024, petitioner was released from immigration custody under an Order of Supervision ("OSUP"). ECF No. 1 at 2; ECF No. 1-1 at 3. During the 18 months that he was under the OSUP, petitioner maintained a residence in Texas and states that he complied with all conditions of his supervision, including that he report as directed to the Immigrations and Customs Enforcement ("ICE") office which he did on two separate occasions. ECF No. 1 at 9-10; ECF No. 1-1 at 3.

On April 15, 2026, petitioner again reported as directed to his ICE check-in and was arrested at that time. ECF No. 1 at 3. Petitioner is currently detained at the Central Valley Annex. Id. at 3, 5.

II. Procedural History

On August 11, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention. ECF No. 1. Respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Pham v. Warden, No. 1:25-cv-01873 DC AC (HC), 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) and Osorto-Coello v. Warden of California City Detention Facility, No. 1:26-cv-3231 DC AC, 2026 WL 1470603 (E.D. Cal. May 26, 2026), and other similar cases previously decided by this court." ECF No. 8. The court further stated that "the court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. Respondents filed their response, and petitioner replied. ECF Nos. 9, 10.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

The petition asserts that petitioner was unlawfully re-detained in violation of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13, whichever provision is applicable to his re-detention, because respondents did not provide him notice of the reasons for the revocation of his release, did not provide a prompt informal initial interview, failed to identify an official with authority to revoke his release, and failed to provide him with a post-revocation custody review. ECF No. 1 at 12-18 (counts one through four and six). Petitioner further asserts that the revocation of his release without the procedures required by the regulations violates his rights under the Fifth Amendment Due Process Clause. Id. at 16-17 (count five). By way of relief, petitioner seeks an order declaring that his re-detention without the above procedures violates the Immigration and Nationality Act ("INA") implementing regulations and the Due Process Clause, granting his immediate release or, alternatively, release under the same conditions as in the OSUP, an award of costs and reasonable attorney's fees, and such other and further relief as the court deems just and proper. Id. at 18-19.

As noted above, the court's briefing order directed a response to the petition which substantively addressed whether this case is materially distinguishable from Osorto-Coello, Pham, and other similar cases. See ECF No. 8. In Pham and Osorto-Coello, the noncitizen petitioners were previously released on an OSUP following a final order of removal under 8 C.F.R. § 241.13 and § 241.4, respectively. Pham, 833 F. Supp. 3d 1092, 1098, 1106; Osorto-Coello, 2026 WL 147063, at *1, 3. The noncitizens asserted, as relevant here, that the revocation of their release following a final order of removal without the procedures required under 8 C.F.R. §§ 241.4(l) and 241.13(i)(3) violated the INA's implementing regulations and their due process rights. Pham, 833 F. Supp. 3d at 1097, 1112-13; Osorto-Coello, 2026 WL 147063, at *3.

Although Pham and Osorto involved two distinct regulations—§§ 241.4(l) and 241.13(i)(3)—this court explained, "the analysis under either provision would be the same because . . . both provisions contain identical language regarding the notice and interview requirements for revocation of release." Osorto-Coello, 2026 WL 147063, at *3. In each case, the court found that procedural due process requires the government to comply with the procedures for revoking release set forth in the INA's implementing regulations—including that the noncitizens be notified of the reasons for revocation of release and be afforded a prompt initial informal interview to afford them the opportunity to respond to the reasons for revocation stated in the notification—and that the failure to provide the noncitizens with these procedures when revoking their release violated due process. Pham, 833 F. Supp. 3d at 1112-14; Osorto-Coello, 2026 WL 147063, at *3. Because the noncitizens were not afforded these procedures, the court ordered their immediate release and enjoined respondents from revoking their release absent compliance with 8 C.F.R. §§ 241.4(l), 241.13(i), any other applicable statutes and regulations, and the requirements of due process. Pham, 833 F. Supp. 3d at 1097; Osorto-Coello, 2026 WL 147063, at *4.

Here, respondents produced a Form 71-090, "Alien Informal Interview Upon Revocation of Order of Supervision Under 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.13(i)," dated April 15, 2026, which avers that an officer conducted an informal initial interview of petitioner, and petitioner stated he did not want to speak with the officer. ECF No. 9 at 1-2; ECF No. 9-1 at 4. Petitioner does not dispute the occurrence of the initial interview as documented but maintains that it does not cure the fact that he was not provided notice of the reasons for the revocation of his release and, therefore, the interview did not provide him the opportunity to respond to the uncommunicated reasons for revoking his release. ECF No. 10 at 2-4. On the latter point, respondents concede that they are "unable to locate records confirming that [petitioner] received written notice of the reasons for revocation." ECF No. 9 at 1-2. They further concede that they are "unable to distinguish this case from the Court's orders regarding violations of 8 C.F.R. § 241.13, including Osorto-Coello . . . and Pham[,]" and that the remedy in Pham and Osorto-Coello, specifically immediate release under the same conditions that existed before the

detention, is appropriate. Id.

Considering the facts of this case and respondents' concession that it is not materially distinguishable from Osorto-Coello, Pham, and other similar cases in which this court has ordered habeas relief, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that respondents have failed to comply with their own regulations regarding the revocation of post-final removal order release. As such, respondents have violated both the INA's implementing regulations and due process, rendering petitioner's continued detention unlawful. See 8 C.F.R. § 241.4(l), 241.13(i)(3) (outlining grounds and procedures for revocation of release); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010) ("It is a well-known maxim that agencies must comply with their own regulations." (citation omitted)); Pham, 833 F. Supp. 3d at 1097, 1112-14; Osorto-Coello, 2026 WL 147063, at *3-4. The undersigned therefore recommends that the petition be granted as to counts one, two, five, and six.[2]

As to the appropriate remedy, although respondents concede that "immediate release under the same supervision conditions that existed before detention" is appropriate here, they argue that "[t]he regulations adequately protect noncitizens' due process rights, so no broader injunction is required"—but also concede that the relief ordered in Osorto-Coello and Pham was appropriate to restore the status quo and have conceded that they are unable to distinguish this case from those cases. ECF No. 9 at 1-2. In reply, petitioner urges that the appropriate remedy for these violations is that ordered in Pham and Osorto-Coello; namely, an order directing respondents to immediately release petitioner under the same conditions of release to which he was subject prior to his re-detention, file a notice of compliance within three days, and be permanently enjoined from revoking petitioner's release unless they comply with all statutory, regulatory, and due process requirements. Id. at 4-5. Because respondents have not advanced any particularized argument as to why this court should not enjoin respondents from revoking petitioner's release without complying with its own regulations, as it is required to do, the

---

[2] Because relief is appropriate on these claims, the court declines to address petitioner's other claims, which seek the same or similar relief (*i.e.*, petitioner's immediate release and an injunction against unlawful re-arrest or re-detention).

undersigned will recommend the same injunction as was issued in Osorto-Coello and Pham.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be required to IMMEDIATELY RELEASE petitioner JOSE DAVID GONZALEZ-SEGURA, A-098-682-343, under the same conditions he was subject to immediately prior to his detention on April 15, 2026. At the time of release, respondents must return all of petitioner's documents and possessions

3. Petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

4. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his August 15, 2026 detention.

5. Respondents be PERMANENTLY ENJOINED AND RESTRAINED from seeking to revoke petitioner's release unless and until they comply with all procedures set forth in 8 C.F.R. § 241.4(l), 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due process.

6. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE